*292
 
 Ruffin, C. J.
 

 A motion has been made to remand this cause upon the ground, that it was improvidently removed. The facts are, that, at the regular term on the 1st Monday of September last, the case was continued on replication to the answer and an order for commissions, and that a special term of the Court was then appointed for a day prior to the present term of this Court, and, at the special term, the cause was set down for hearing, and' ordered to be sent here.
 

 As the purpose of the special term is to expedite the administration of justice, the Court, at a term of that kind, ought to possess all the powers necessary to that end and, therefore, to be considered as possessing all which could be exercised at the stated terms, except as far as they may be withheld by the acts either expressly or implicitly. That of 1844, chi. 10, requires all causes on the civil docket to be tried at the special terms, but directs that no process shall be made returnable thereto, except such as may be requisite to obtain the attendance of witnesses. That excludes the cognizance of criminal cases and suits in equity, and the bringing in of a party either originally or for the purpose of reviving. But in other respects it would seem that all the functions belonging to the Court are to be exercised at a special term : which is substantially an additional term, or one in anticipation of the regular term, and nothing more or less. The act of 1848, ch. 29, extends the powers and duties of the Court at special terms to causes in equity. It requires that those remaining undecided at the preceding term shall be decided — meaning, of course, such as stood ready for decision and were not decided for want of time. And it furthermore-requires, that such orders, rules, and decrees shall be made-in all such suits as may be proper,according to the course in equity proceedings. Then, although parties cannot be brought in at a special term, it seems clear»-that in all causes already constituted, (ex«
 
 *293
 
 cept criminal cases,) both the purpose and words of the statutes merely substitute a special for a regular term, both on the law and equity side of the Court. It was objected to this construction, that one of the parties might at the time have sued out commissions returnable to the next regular term, and that it would be incongruous in the act to allow those orders to be made at the interme» diate special term. If that had been the state of the facts, and one of the parties had not prepared his case to be set down, on objection the Court might, and, doubtless, would have refused to make the orders at that time. But there was no objection on that ground, nor, indeed, on any other. The question, therefore, is solely as to the power of the Court, at a special term, to take cognizance of a cause, which was not before set for hearing; and upon that, for the reasons stated, we conceive the authority is. full. The motion is denied.
 

 Per Curiam.
 

 Judgment accordingly-