8377

## SMITH v. SMITH.

1. WILLS—WORDS AND PHRASES.—The words "real estate" in a will held upon consideration of the context to mean "personal estate."
2. IBID.—LIMITATION OF ESTATES.—Where in a will realty is clearly devised to one in fee in one paragraph, and in another the remainder of the lands of testator is devised to the same person for life with remainder to his grandchildren, this latter provision will not have the effect of limiting the fee devised in the preceding paragraph where the inference is doubtful.

Before SEASE, J., Colleton, February, 1912. Affirmed.

Action by Perry G. Smith, administrator of Ann E. Murrell, against Owen H. Smith *et al.* Defendants appeal.

*Messrs. Brantley & Ziegler* and *Wolf & Berry,* for appellants, cite: *Intention of testator must govern in construction:* 4 Kent. 535, 537; 6 Pet. 80; 36 Ia. 273; 30 Ency. 661, 663-4, 675, 685-6; 1 N. & McC. 69; 2 Bay 255; 2 Mill 346; Harp. Eq. 272; 9 Rich. Eq. 19; 1 Strob. 96; 1 D. E. S. 241; 2 D. E. S. 451; Riley Eq. 167; 4 McC. 151; 1 Hill Eq. 360; McM. Eq. 201; 12 Rich. Eq. 263; 26 S. C. 179; 26 S. C. 450; 27 S. C. 295; 29 S. C. 456; 30 S. C. 184; 36 S. C. 38; 26 S. C. 181. *Devisee only took a life estate:* 45 S. C. 590; 26 S. C. 454; 27 S. C. 297; 42 S. C. 342; 4 McC. Eq. 151; 29 S. C. 470; 42 S. C. 345; 4 McC. Eq. 151; 8 L. Ed. 322; 30 Ency. 687; 10 S. C. 428; Deed Eq. 162; 77 S. C. 454. *Residuary clause:* 56 N. C. 305; 82 S. C. 214. *"Real" in second paragraph should not be made to read "personal."* 2 Jar. 80; 30 Ency. 691.

*Messrs. Howell & Gruber, Padgett, Lemacks & Moorer,* contra, cite: *"Real" in second paragraph should read "personal."* 4 McC. 151; 1 D. E. S. 235; 74 S. C. 170. *Construction of will as thus changed:* 70 S. C. 62; 1 D. E. S.

242; 1 Hill's Ch. 95; 10 S. C. 428; 24 Ency. 701; Deed Eq. 162; 29 S. C. 470; 30 Ency. 687; 77 S. C. 458; 8 L. R. A. 697; 3 Sup. Ct. R. 580; 2 Hill Ch. 490; 5 S. C. 459; 1 Jar. 329.

November 26, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. The case turns upon the proper construction of the second and third paragraphs of the will of David Gray, which read:

2. "I will and bequeath to my beloved wife, Catharine C. Gray, the lands and buildings belonging to my homestead, together with forty-nine acres of land belonging to my Thompson tract; also all my *real* estate, to have and to use during her lifetime and after the death of my wife, all this property to go to my daughter, Ann E. Gray.

3. "I give and bequeath all the rest of my land to Ann E. Gray, to have and to use during her lifetime, and after her death, it is my desire that all the property, real and personal, shall be equally divided among my grandchildren and their heirs."

It is stated in the circuit decree that, at the hearing on circuit, appellants contended and respondents conceded that the word "real," in the phrase "also all my real estate," in the second paragraph was a clerical error, the word personal having been intended; and the Court so held. From a consideration of the context, that conclusion appears to be correct.

The controlling question is: What estate was given to testator's daughter Ann in the lands mentioned in the second paragraph? If that paragraph alone is to determine the question, there can be no doubt that she took the fee, because the statute (sec. 2483, Civil Code 1902) makes words of limitation unnecessary to convey a fee by devise, and every gift of land must be considered a

gift of the fee, unless that construction is inconsistent with the will, expressed or implied.

Appellants contend, however, that the language of the third paragraph shows the intention that she should take only a life estate, and that the remainder should go in fee to testator's grandchildren. They argue that this implication arises from the gift of only a life estate in the residue of testator's land given her in the third paragraph, and by the use of the words "after her death it is my desire that all the property, real and personal, shall be divided," etc.

Testator may have found a reason satisfactory to himself, for giving his daughter a fee in some lands and only a life estate in others, in the fact that she was the mother of two sets of children—legitimate and illegitimate; and his purpose may have been, by giving her an absolute estate in some of his lands, to allow her the opportunity of making provision, either during her lifetime or by her will, for her illegitimate children. But his reason is material only in so far as it may assist us in discovering his intention. At any rate, it cannot be said this provision of the will is so lacking in reason as to point very strongly to the conclusion contended for by appellant.

On the other hand, the words "all the property, real and personal," do afford at least a fair ground of inference that testator meant to include in those words of description the property given his daughter in the second as well as that given her in the third paragraph of his will—especially as all his personal property had been disposed of absolutely in the preceding paragraph. But the inference is doubtful and not strong enough, under the rules of construction, to cut down the absolute estate given in the preceding paragraph. In *Howze* v. *Barber,* 29 S. C. 470, 7 S. E. 817, the Court said: "The rule as we understand it, both of law and of common sense, is that where an absolute and unqualified estate is first created in words which import absolute and uncontrollable ownership, words relied upon to show that

the testator intended to cut down such an estate, or to affect it with any trust, must not only be mandatory, but must in themselves show the manner in which they are to operate, so that the purpose of the testator may clearly appear—how or in what degree he intended to cut down the estate previously created, or what was the precise nature of the trust he intended to impress upon it." In *Walker* v. *Alverson,* 87 S. C. 60, 68 S. E. 966, the rule is thus stated: "When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given." The same principle controlled the construction in *Jennings* v. *Talbert,* 77 S. C. 458, 58 S. E. 420.

Under the statute law of this State (25 Stat. 156), an intestate woman's illegitimate children are made heirs of her property equally with her legitimate children.

Upon the issues of fact involved in the appeal, appellants have failed to show error in the findings of the Circuit Court.

Affirmed.

MR. JUSTICE FRASER, *dissenting.* It seems to me that the daughter took only a life estate and the grandchildren took as purchasers. They took, not as children of the daughter, but as grandchildren of the testator. I do not think the act of 1906 applies.

THE CHIEF JUSTICE *absent.*