15226

TIENCKEN v. ZERBST

(13 S. E. (2d), 483)

*Mr. J. W. D. Zerbst,* for appellant,

*Mr. H. L. Erckmann,* for respondent,

March 7, 1941.

The opinion of the Court was delivered by MR. CIRCUIT JUDGE J. STROM THURMOND, ACTING ASSOCIATE JUSTICE.

This is an action for specific performance of a written contract of sale of certain real estate in Charleston, S. C., and was commenced on September 30, 1940, by service of summons and complaint.

The plaintiff claims that she has the power to sell the real estate in question, and convey a good and marketable title in fee simple thereto, by virtue of the terms of the will of Anna Helena M. Mappus, the widow of John J. Mappus. The defendant, who entered into a contract to purchase said real estate, denies such right.

There are no issues of fact and the questions involved were submitted on the pleadings without testimony, to his Honor, Judge Wm. H. Grimball, who heard it on November 23, 1940. Judge Grimball filed his decree on November 29,

1940, ordering the defendant to specifically perform the contract of sale. From that decree, and the judgment entered thereon, the defendant appealed to this Court upon seven exceptions, but in her brief summarized them in the following four questions:

"1. Did the will of John J. Mappus devise an absolute estate in fee simple to his widow, Anna Helena M. Mappus?

"2. Did the said Anna Helena M. Mappus have the power of disposing by will of the property devised to her by the said John J. Mappus, in any manner which she saw fit, or did John J. Mappus intend by his will to create a trust with regard to such of his property as remained at the death of Anna Helena M. Mappus?

"3. Could Anna Helena M. Mappus confer upon her executrix sufficient power to convey a good and marketable fee-simple title to the remaining property which passed under the will of John J. Mappus even though she ignored the provisions which he requested and besought her to make?

"4. Are all necessary and proper parties before the Court in this proceeding so that a decision may be rendered binding upon all parties in interest?"

Although appellant raised the four questions set out above, there is only one vital question in the case, namely: What estate did Anna Helena M. Mappus take under the will of her husband, John J. Mappus—a fee simple, or was her estate charged with an implied trust as to the portion not disposed of by Anna H. M. Mappus in her lifetime? To determine this will require a construction of the second paragraph of the will of John J. Mappus, who died in 1905, and which reads as follows:

"Secondly. I give and bequeath to my beloved wife, Anna Helena M. Mappus, the whole of my property, Real and Personal, of which I shall die possessed, with the following exception that One Thousand ($1,000.00) Dollars, I give devise and bequeath unto the Deutsche Evangelische Lutherische St. Johannas Kirche of Charleston, South Carolina.                                        "JOHN J. MAPPUS

"To be securely invested for the sole benefit of said church as they see fit to use it but they to keep in good order my lot in the Cemetery for the aforesaid consideration. This amount to be invested for said church at the death of my beloved wife, should there remain a sufficient amount of my Estate at her death, AND I do beseech and request my beloved wife that she will make such provision in her last will that the residue of our joint property remaining at her death not including the amount of One Thousand Dollars, given to the church as previously mentioned, be equally divided between the full brothers and sisters of herself and myself or their respective heirs."

It is apparent from reading the above paragraph in the will that the testator did not attempt to create any trusts. All that he did was to "beseech and request" his wife to make certain provisions in her last will. The words "beseech" and "request," which are synonyms, are essentially precatory words. Several definitions might be given for the words "beseech" and "request." Webster's Twentieth-Century Dictionary, 1935 Ed., defines the transitive verb of these words as follows:

"Beseech. To entreat; to implore; to beg eagerly for; to solicit."

"Request. To ask; to solicit; to express desire to."

The wife took the fee and the entreaty was only that she make a will as to the remaining property at her death. The rule is that when a trust by implication is permitted it must be with clear intent without the intervention of any act by the first donee. 69 C. J., 79.

The tendency of our decisions is to restrict the doctrine of so-called precatory trusts, and before declaring a trust of this kind the Court must be satisfied that the testator's intention was as full, complete, settled and sure, as though he had given the property to hold upon a declared trust in express terms. *Jennings v. Talbert*, 77 S. C., 454, 457, 458, 58 S. E., 420.

Where language only conveys a desire or wish, it does not impose an obligation which can be enforced in a Court of equity or qualify estates previously given. *Brunson v. King,* 2 Hill Eq., 483, 490; *Lesesne v. Witte,* 5 S. C., 450, 459; *Arnold v. Arnold,* 41 S. C., 291, 298, 19 S. E., 670.

*Lesesne v. Witte, supra,* 5 S. C., 460, holds: "If there is nothing to control the use of the property in the hands of the first taker, and he may appropriate it exclusively to his own purposes, there will be wanting that certainty which is necessary to give effect to the recommendation as a trust."

And also, 5 S. C., at page 461, where the Court said: "Nor will the devise be construed into a trust if it appears, from the context, that the first taker was to have a discretionary power to withdraw any part of the subject from the object of the wish or request."

The rule in this State is that "when a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause." *Walker v. Alverson,* 87 S. C., 55, 60, 68 S. E., 966, 968, 30 L. R. A. (N. S.), 115. Also see *Jennings v. Talbert, supra*; *Smith v. Smith,* 93 S. C., 213, 214, 76 S. E., 468.

"When a gift is made in one clause of a will in clear and unmistakable terms, it cannot be cut down by a subsequent clause by words of doubtful import." *Newnham v. Forest Hills,* 195 S. C., 431, 12 S. E. (2d), 10, 11.

The following three propositions of law were approved by this Court in the case of *Werber v. Moses,* 117 S. C., 157, 167, 168, 108 S. E., 396, 398:

"It has become a settled rule of construction that, when the words of a will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is ambiguous or inferential, and which is not equally as distinct as the former; or,

the rule may be stated that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down." 30 A. & E., 687.

"Where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was the intention of the testator." *Lawrence v. Burnett,* 109 S. C., 416, 96 S. E., 144, and others.

"If there is anything well settled it is that a Court will not cut down an estate once granted absolutely in fee by limitations contained in subsequent parts of a will, unless the intent to limit the devise is manifested clearly and unmistakably. If the expression relied upon to limit a fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate." *McClellan v. Mackenzie* (6 Cir.), 126 F., 701, 61 C. C. A., 619, and others.

In *Moore v. Sanders,* 15 S. C., 440, 40 Am. Rep., 703, the following devise was made to a son: " 'Learning that the law takes cognizance of the intention, even when illegally expressed, I desire to express my wish as strongly and emphatically as I can do so by will [that said son shall own in fee simple] * * * but should he die without leaving a will, then the whole to go' over." The Court held in this case that the condition was repugnant to the fee and was void.

In *Howze v. Barber & Drennan,* 29 S. C., 466, 7 S. E., 817, 818, a testator gave all of his estate to his wife, in consideration whereof the wife was charged with the raising and education of the children, "such education to be the best her means will afford. * * * If any of our children should voluntarily refuse education, they are not to receive any advantage in property in consequence of such refusal. * * * My wife may give to any of our children, at any time, and in the form and manner she may think best, any portion of property she may think proper: provided, those to whom she had given shall be charged the full amount in the settlement of the estate." The Court held that under this

will the wife took an estate in fee simple, there being nothing in the subsequent clauses of the will to cut down the absolute interest conferred in the first clause.

*Arnold v. Arnold, supra* (41 N. C., 291, 19 S. E., 674), holds: "Words of advice, recommendation, or desire do not create a devise, nor will they operate so as to raise a trust in equity, unless the property is certain, and persons to whom it is given clearly described; *and even in that case such words are not, in general, deemed imperative or legatory where they are inconsistent with the antecedent right or interest devised to that person to whom they are addressed, for in such cases, the subject-matter of the recommendation having been once absolutely devised away, it cannot be presumed that the testator intended to use the subsequent words of recommendation in a legatory sense, which would be to construe his will as inconsistent with itself in one and the same sentence."*

There was no law against the testator here leaving his property to his brothers, and he could easily have done so if this had been his desire, but he preferred to leave it to his wife and to ask her to provide for them by will, and left it to her discretion whether or not to do so. There can be no question that testator (John J. Mappus) in the first part of his will gave his wife a fee-simple estate. It follows that Anna Helena M. Mappus had the right to make a will. Since she did make one, and gave her executrix (plaintiff) full power and explicit directions to sell, the executrix could sell the real property in question and convey good and marketable title in fee simple thereto. The purchaser is not interested in the disposition of the proceeds, and, of course, not responsible for the manner in which the executrix should handle same.

Appellant contends that the will should be construed as a whole and that the intention of testator must govern. These principles of law are sound, but have no application to this case. For a husband to merely beseech or request his wife to do a certain thing, indicates clearly that he did not intend her to do it unless she saw fit to do so.

The defendant contends that the full brothers and sisters of John J. Mappus and his widow, Anna Helena M. Mappus, should have been joined as parties defendant. These persons had no interest in the property and no useful purpose could be gained by doing this. It was unnecessary to join them, or any others, as the will of John J. Mappus gave to his wife a fee-simple estate which she had the right to dispose of by will as she pleased. *Murray Drug Co. v. Harris,* 77 S. C., 410, 413, 57 S. E., 1109.

Appellant cites several cases in her brief to support her contention. One is *Brinn v. Brinn,* 213 N. C., 282, 195 S. E., 793. This is a North Carolina case, and holds that where the estate is given generally to a person, it will be construed as a fee-simple unless such devise shall in plain and express words show that testator intended to convey an estate of less dignity. This case sustains the position of respondent rather than appellant.

Appellant also cites *Withers v. Yeadon,* 1 Rich. Eq., 324. In this case a direct trust was expressed in the will, and not a mere request to make a will as in the case at bar.

Another case appellant relies on is *Bouknight v. Brown,* 16 S. C., 155. A perusal of this case is convincing that it does not help appellant, and is without value here.

We might add that a search of the authorities in this State reveals no case which tends to question the validity of the devise in fee simple to Mrs. Mappus here.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.