15942

HOELZEL v. HOELZEL *ET AL.*

(42 S. E. (2d) 527)

*Mr. H. L. Erckmann,* of Charleston, for Minor Appellants, cites:

*Mr. C. B. Pearce,* of Charleston, for Respondent, cites:

May 2, 1947.

PER CURIAM: This Court is in accord with the conclusion reached in this case by the learned Circuit Judge; and directs that his decree be published herewith.

*Creswell v. Bank of Greenwood,* referred to in the said decree, is now reported in 41 S. E. (2d) 393 (Advance Sheet).

All exceptions are overruled.

D. Gordon Baker, CJ.,

E. L. Fishburne, AJ.,

T. H. Stukes, A. J.,

C. A. Taylor, AJ.,

G. Dewey Oxner, AJ.

## Order of Judge Grimball

This matter was submitted to me by the Attorneys for the parties hereto and involves the construction of the Will of August Oscar Hoelzel proved in Charleston County, South Carolina, on the 16th day of February, 1934.

The parties have all been served. The adults have answered and the minors are before the Court and have appeared and answered by their Guardian Ad Litem.

The facts are presented in the Complaint and there is no dispute as to same.

The four children, viz.: Omar Hoelzel, Charles J. Hoelzel, Alma L. Hoelzel, now Butler, Rosalie Hoelzel, now Harris, survived the Testator and duly conveyed their interests to their mother.

The sole question before the Court is whether or not Plaintiff is the owner in fee of the property involved or whether the Testator intended to create a fee conditional or fee defeasible.

The vital provisions of the Will of said August Oscar Hoelzel which are to be construed by this Court are substantially as follows:

Item 1 gives one-third of his estate to his widow.

Item II gives two-thirds of his estate "unto my four children, namely; O. F. Hoelzel, Alma L. Hoelzel, Rosalie Hoelzel and Charles J. Hoelzel, to be divided between them share and share alike". "Provided, however, that should any of my said children *die unmarried,* without leaving lawful issue, then and in such case, the share so given to him, her

or them, shall revert and go back to the remaining surviving children, their heirs and assigns forever. Provided further, however, that should any of my said children marry and die, leaving issue surviving him, her or them, then, in such case I order and direct that the child or children of such deceased child or children shall take the share which their parent would have taken if alive".

As the intention of a Will should prevail and as each Will has to be construed so as to carry out such intention, it seems to me clear that the Testator in this case intended that his widow should receive one-third of his estate and his four children two-thirds in fee-simple and that the provisions as to the death of any child related solely to the time of the death of Testator.

The Will provides that if any child die leaving issue surviving him the child or children of such child shall take the share which their parent *would have taken if alive.*

This shows that Testator did not mean that his children should take anything but a fee-simple and that if any child should die before him the child would take the parents share.

Any other construction would make these words exceedingly difficult to understand.

Our Supreme Court has laid down once and for all the true rule in these cases in the case of *Tiencken v. Zerbst,* 196 S. C., at pages 442 and 443.

"The rule in this State is that when a gift is made in one clause of a Will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause." *Walker v. Alverson,* 87 S. C. 55, 60, 68 S. E. 966, 968, 30 L. R. A. (N. S.) 115. Also see *Jennings v. Talbert, supra; Smith v. Smith,* 93 S. C. 213, 214, 76 S. E. 468.

In the recent case of *Cresswell v. Bank of Greenwood* (Opinion Filed Feb. 14, 1947) the Court applies with force the doctrine set forth in the previous cases.

.I have considered the matter carefully. While the suit is a friendly one and the children want their mother to have the property, I am mindful that the rights of minors are involved.

However, it seems perfectly clear that Testator gave his wife and children fee-simple estates and that the conveyance by the children vested in Plaintiff a fee-simple title in the property devised in Paragraphs 1 and II of Will of Testator.

It is Therefore Decreed: That the Plaintiff is the owner in fee simple of the property passing under the Will of said August Oscar Hoelzel.