The judges were all of opinion, that the first objection taken on the trial was very properly overruled by the pre *192 siding judge; that the proving the hand-writing of the three witnesses to a will by any one credible witness was sufficient, if they were dead or out of the state ; it did not by any means impugn or contravene the statute of frauds, Ypfúch required three witnesses to a will; on the contrary, it established the requisites of the statute. The statute did not require that there should be three witnesses to prove a will; (though if they are all alive it is best to produce them ;) any one witness to it, is sufficient to make such proof, if the others are dead or absent. There is therefore a great difference, between the making of a will on the part of a testator to devise lands, and-the proof of it afterwards, either before the ordinary or in a court of justice. In a court of justice, a will is considered only as a species of conveyance of lands, and therefore, it may be proved like any other deed. But as to the other objection, Burke and Grimke were of opinion, that too rigid a construction was given to the rule of law, as to the proof of Mrs. Moores hand-writing to the bargain and sale; and that the nonsuit ought not to have been ordered, but it should have been sent to the jury under all the circumstances of the case, to determine whether she had or had not executed the deed under consideration. They admitted the general rule of law as laid down in 3 Burr. 1247. and in Doug. 89, 90. that it is necessary-after you have proved the hand-writings of the witnesses, then to prove the hand-writing of the party to the bond or deed. But said, that this case formed a strong and marked exception to the general rule on this head. In the usual and ordinary transactions between men in the management of business with each other, the rule certainly ought to be adhered to. In a case, however, like the present, where the hand-writing of aa old infirm woman, who did not sign her name more than once probably in fifty years, it was next to an impossibility to find a man living, who could prove her hand-writing; therefore, the proof of all the so lemnities usually attending the execution, delivery and attestation of such a deed, as were not likely to happen, un *193 less she had executed it, ought to have gone to a jury, as presumptive evidence for them, to determine whether she actually did sign, seal and deliver it, or not. The rule of law, therefore, quoted by the plaintiff’s counsel on the ar» gument, would well apply in this case ; namely, where the best evidence a thing is capable of cannot be procured, then the next best ought to be admitted; not as conclusive, but as presumptive evidence of the fact.
The nonsuit was therefore set aside, and the cause or» dered to be placed on the docket in Pinckney district, for trial again at the next court.
Present, Burke, Grimke and Bay.
N. B. Bay, J. afterwards, upon reconsidering this case, assented to the above decision.