The opinion of the Court was delivered by
Johnstone, J.
The nature of this case is unfolded (10 Rich. 505) by what took place in the Court of Errors, when the will of this testator, and that of John Bull of Abbeville, were brought, together, before it.
It was decided, in both cases, that the attestation of one named as executor was valid; that his qualification or renunciation, after testator’s death, could neither give validity to the will, nor invalidate it; that a person named as executor was a competent witness to testify on the probate of the will, if he was no party in the cause, and had no interest in it, when called to testify; and whatever interest, be it official or other, which the executor derived from his being nominated in the will, was frustrated by the operation of the statute 25 Geo. II. ch. 25.
The order of that Court was as follows: “ The case of Wm. P. Noble vs. Andrew P. Burnett must go back to the Circuit Court upon the ground of error, in excluding Edmund C. Martin” [who was no party to the record] “ for incompetency to attest the execution of the will in question. And the other case must go back to the Court of Probate, upon the same ground of error, and that Court be left to inquire and determine whether the incompetence of Dawson” [the *608 executor, wbo was the party on record propounding the will] “ to testify in the cause, can be supplied by secondary evidence. And it is so ordered and adjudged.”
The case of Dawson went back, but before it could be brought to a conclusion, he died, and the case fell through. It was then, by fresh proceedings, brought by the plaintiff to a hearing : and this is an appeal.
The point, that the subscribing attestation of the executors was valid,' was decided by the Court on the former occasion, and should not again be_ drawn. in question.
Certainly, proof of the signature of Wm.H. Dawson was competent, he being dead.
As to the other grounds, there is ho difference of opinion among us. The principle, in the case of a blind testator, is, • that proof is competent to show that he was aware of what his will contained, when he executed it. The mode of his having become cognizant of its contents is not restricted; any proof, which satisfactorily shows this, is competent. And the jury having decided on proper testimony, and which, on examination, is satisfactory, the verdict should stand.
It is ordered that the motion be refused.
Wakdlaw, J., concurred.