11643

HASTINGS v. UNION FIRE INSURANCE CO.

(125 S. E., 923)

EVIDENCE—PAROL EVIDENCE ADMISSIBLE TO PROVE WHICH OF THREE BUILDINGS ON INSURED'S PREMISES WERE COVERED BY FIRE POLICY INSURING TWO BARNS.—Where there were two barns and an abandoned tenant house used as a barn on insured's premises, parol evidence was admissible to prove which of the three buildings were covered by policy insuring two barns and contents, since in such case there was latent ambiguity, and parol evidence was admissible to show subject of the insurance though policy was not ambiguous on its face.

Before TILLMAN, J., County Court, Greenwood, December, 1923. Affirmed.

Action by R. A. Hastings against the Union Fire Insurance Co. Judgment for plaintiff and defendant appeals.

*Messrs. Fowles & Bailey* and *Samuel H. McGhee,* for appellant, cite: *Parol evidence not admissible where subject matter of policy is definite:* 33 Ann. Cas., 67; 19 R. C. L., 938; 5 L. R. A., 640; 1 Cooley's Briefs on Ins., 745; 46 S. C., 372; 77 S. C., 187.

*Mr. W. H. Nicholson* for respondent.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a policy of fire insurance covering two barns, No. 1 and No. 2, and contents. Barn No. 1 was insured for $300.00 on building and $100.00 on contents; barn No. 2, for $200.00 on building and $100.00 on contents. What the plaintiff claimed was barn No. 1 was destroyed by fire on October 29, 1922; barn No. 2 was not destroyed. It appears that the plaintiff had upon his premises three buildings; two of them were "barns" in the literal sense of the term; the third was a house with a chimney to it, which had been abandoned as a tenant house, and was at the time the insurance was taken out being used as a storage place for corn, fodder, and pea vines. Very near this house there was a barn, and another barn was near the plaintiff's residence. The insurance company contended that the policy covered the barn near the abandoned tenant house and the barn near the plaintiff's residence, neither of which was destroyed. The plaintiff contended that it covered the tenant house, converted by use into a barn, and one of the other barns. He testified that when he applied for the insurance he explained to the agent that one of the buildings which he proposed to insure as a barn had been used as a residence and that it had a chimney to it. This testimony was objected to by counsel for the insurance company upon the ground that it tended to vary the unambiguous terms of the policy, the written evidence of the contract between the two parties. The objection was overruled, and the admission of this evidence consti-

tutes the sole ground of appeal from the judgment entered upon a verdict in favor of the plaintiff for $400.00 with interest from October 29, 1922.

The policy was unambiguous upon its face, that is, it displayed no patent ambiguity, but it does not at all follow that extrinsic circumstances may not develop a latent ambiguity. In *Jennings v. Talbert,* 77 S. C., 454; 58 S. E., 420, it is said:

"Ambiguities, however, are patent and latent, the distinction being that in the former case the uncertainty is one which arises upon the words of the will, deed or other instrument as looked at in themselves, and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the will, deed or other instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe."

As is said in 2 C. J., 1314, speaking of a latent ambiguity:

"It does not appear on the face of the words used, nor is its existence known until these words are brought in contact with collateral facts."

The barns referred to in the policy are very imperfectly described by characteristics or location, and, if the insured had had only two barns upon his premises, there would have been neither patent nor latent ambiguity; but it appears that he had two barns and the abandoned tenant house which was used as a barn. The latent ambiguity was, therefore, developed by facts extrinsic and collateral to the policy. Under these circumstances parol evidence was admissible to explain the ambiguity and to show what was the subject of insurance. In 14 R. C. L., 938, it is said:

"It is well recognized, however, that where there is ambiguity or uncertainty in the language used as to the identity of * * * property included within the policy * * * the rule will be relaxed so as to admit of parol proof to explain

the ambiguity. This rule applies where there is an ambiguity as to the * * * subject matter of the insurance.
* * * "

The judgment of this Court is that the judgment appealed from be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.