0756

Miriam M. FENZEL, Elizabeth M. Hoefer, and Josie M. Fletcher, Apellants v. Maude M. FLOYD, Respondent.

(347 S. E. (2d) 105)

Court of Appeals

*Anthony D. Hoefer* of *Levi, Wittenberg, Harritt, Hoefer & Davis,* Sumter, *for appellants.*

*William H. Gibbes,* of *Gibbes & Gibbes,* Columbia, *for respondent.*

Heard April 16, 1986.

Decided July 21, 1986.

BELL, Judge:

This is a declaratory judgment action seeking to construe the Will of Miriam Marshall. All the parties are children of Mrs. Marshall. The appellants and the respondent are the beneficiaries of a devise in Item VII of the Will; the respondent is the sole beneficiary under a residuary clause in Item IX of the Will. The question presented is whether certain of Mrs. Marshall's real property should pass under Item VII or Item IX of the Will. The circuit court held the property should pass under Item IX. We reverse and remand.

Mrs. Marshall executed her last Will and Testament on May 19, 1976. The Will was drawn by an attorney. In Item VII of the Will, Mrs. Marshall devised to her four daughters "all of the lots that I own on Suber Street, Columbia, South Carolina, except those hereinabove devised, under Item VI, share and share alike...." In Item IX of the Will, Mrs. Marshall left the residue of her estate to her daughter, Maude Floyd.

Undisputed testimony revealed that at the time she executed the Will and at the time of her death on January 21, 1981, Mrs. Marshall did not own any lots on Suber Street, except a property at 1218 Suber Street devised under Item VI of the Will. She did, however, own seventeen lots in the City of Columbia which are not specifically mentioned in any other clause of the Will. These lots were all part of a tract known as the "Suber property," which Mrs. Marshall had inherited from her husband. (Mr. Marshall's mother was a Suber. The "Suber property" encompassed a large acreage that originally belonged to the mother's family.) The attorney who drew the Will testified very positively that Mrs. Marshall was of a sound mind and knew the extent of her estate at the time she executed the Will. It is thus inferable she knew she owned no lots on Suber Street other than 1218.

The appellants contend that "all the lots I own on Suber Street" in Item VII is a misdescription resulting from a scrivener's error, since, at the time she executed the Will, Mrs. Marshall owned no lots on Suber Street except 1218 Suber Street which she specifically devised in Item VI. They maintain Mrs. Marshall's true intention was to devise the other lots she owned in the City of Columbia under Item VII. At trial they attempted to introduce handwritten notes prepared by Mrs. Marshall a few days before the Will was executed to prove her true intention. In the notes, the equivalent of Item VII reads: "I leave all of the unsold lots that I own to be divided equally among my four daughters...." The circuit judge refused to consider this evidence on the ground that he was confined to the four corners of the Will in construing it.

The respondent maintains that the devise of "all the lots I own on Suber Street" is unambiguous on its face and does not mean the seventeen lots which are not on Suber Street. She points to evidence that Mrs. Marshall did in fact own five lots on Suber Street until she sold them in 1965, eleven years before the Will was made. From this evidence she argues that the property devised in Item VII has been adeemed. The circuit court considered the evidence of Mrs. Marshall's prior ownership of lots on Suber Street and agreed there had been an ademption of the property devised

in Item VII. The evidence concerning ownership and sale of the five Suber Street lots is, of course, outside the four corners of the Will.

In construing a will, the purpose of the courts is to discover and give effect to the intent of the testator. *May v. Riley*, 279 S. C. 248, 305 S. E. (2d) 77 (1983). The first resort is always to language of the will itself. *Bagwell v. Alexander*, 285 S. C. 331, 329 S. E. (2d) 771 (Ct. App. 1985). Where the terms of the will are ambiguous, the court may resort to extrinsic evidence to resolve the ambiguity. *Shelley v. Shelley*, 244 S. C. 598, 137 S. E. (2d) 851 (1964); *MacDonald v. Fagan*, 118 S. C. 510, 111 S. E. 793 (1922); *Estate of Lindner*, 85 Cal. App. 3d 219, 149 Cal. Rptr. 331 (1978).

> Ambiguities ... are patent and latent, the distinction being that in the former case the uncertainty is one which arises upon the words of the ... instrument as looked at in themselves, and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the ... instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe.

*Jennings v. Talbert*, 77 S. C. 454, 456, 58 S. E. 420, 421 (1907); *accord Boykin v. Capehart*, 205 S. C. 276, 31 S. E. (2d) 506 (1944) (where the words used are incapable of application as they stand, the court may consider evidence outside the four corners of the document to ascertain the testator's true intent). Extrinsic evidence is also admissible to prove and correct a scrivener's error. *Ex parte King*, 132 S. C. 63, 128 S. E. 850 (1925).

In this case, the court was faced with a latent ambiguity in the Will. The words "all the lots I own on Suber Street" were unambiguous on their face, but as Mrs. Marshall owned no lots on Suber Street to which the words could apply, a latent ambiguity existed. Accordingly, it was an error of law for the court to invoke the "four corners" rule to exclude extrinsic evidence of the testatrix's intent. The court itself implicitly recognized it was necessary to go beyond the four corners of the Will in this case,

since it considered extrinsic evidence in deciding there had been an ademption. We hold the court should also have considered the extrinsic evidence offered by the appellants to show what property the testatrix intended to devise in Item VII and to support their argument that Item VII contained a scrivener's error. *See ex parte King, supra.*

In our judgment, the circuit court also erred, as a matter of law, in applying the doctrine of ademption to this case. Ademption by extinction occurs when real or personal property specifically devised or bequeathed by a will no longer exists as part of the testator's estate at the time of his death because of its extinction, consumption, loss, destruction, sale, disposition, or other alienation during the testator's lifetime after the execution of the will. *Rikard v. Miller,* 231 S. C. 98, 97 S. E. (2d) 257 (1957); *Kramer v. Kramer,* 201 F. 248 (5th Cir. 1912), *cert. denied,* 231 U. S. 753, 34 S. Ct. 322, 58 L. E. 467 (1913); *Buder v. Stocke,* 343 Mo. 506, 121 S. W. (2d) 852 (1938); *McGee v. McGee,* 122 R. I. 837, 413 A. (2d) 72 (1980). No ademption took place in this case, because the Suber Street lots were not disposed of after the execution of the Will.

As the decision of the circuit court was based on errors of law, we reverse the judgment and remand for a new trial.

We have reviewed the appellants' alternate ground of appeal and find it is manifestly without merit. *See* Section 14-8-250, Code of Laws of South Carolina, 1976, as amended.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.