**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Milton Oakley Dickson, Appellant,

v.

Arthur B. Beasley, Jr., Respondent,

In re: Estate of Herbert Franklin Dickson, Sr.

Appellate Case No. 2014-001903

———————

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-197
Submitted February 1, 2016 – Filed May 11, 2016

———————

**AFFIRMED**

———————

S. Jahue Moore and John Calvin Bradley, Jr., both of
Moore Taylor Law Firm, P.A., of West Columbia, for
Appellant.

Kenneth R. Young, Jr., of Sumter, for Respondent.

———————

**PER CURIAM:** Milton Oakley Dickson appeals the circuit court's order
affirming the probate court's order that found a latent ambiguity existed regarding a

provision in the will of Herbert Franklin Dickson, Sr., and the testator intended the ambiguous provision to refer to real property located in Clarendon County. Dickson argues the circuit court erred in affirming the probate court because (1) the language of the will was unambiguous, and extrinsic evidence should not have been admitted to prove the testator's intent, and (2) the extrinsic evidence did not support the probate court's interpretation of the disputed provision. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the circuit court properly affirmed the probate court's ruling that an ambiguity existed regarding the disputed provision of the testator's will, and extrinsic evidence was admissible to ascertain the testator's intent. *See Bob Jones Univ. v. Strandell*, 344 S.C. 224, 230, 543 S.E.2d 251, 254 (Ct. App. 2001) (stating that when a "will's terms or provisions are ambiguous, the court may resort to extrinsic evidence to resolve the ambiguity"); *Kemp v. Rawlings*, 358 S.C. 28, 35, 594 S.E.2d 845, 849 (2004) ("A latent ambiguity is one in which the uncertainty arises, not upon the words of the instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe."); *In re Estate of Fabian*, 326 S.C. 349, 353, 483 S.E.2d 474, 476 (Ct. App. 1997) ("Extrinsic evidence may be admitted to determine whether a latent ambiguity exists."); *id.* ("Once the court finds a latent ambiguity, extrinsic evidence is also permitted to assist the court in determining the testator's intent."); *id.* at 351-55, 483 S.E.2d at 475-77 (finding a latent ambiguity existed regarding a devise to the testator's "brothers and sisters living at the time of [her] death" because extrinsic evidence showed the testator regarded her nephew as a brother at certain times in her life and the family treated the testator's nephew as being her brother); *Fenzel v. Floyd*, 289 S.C. 495, 496-99, 347 S.E.2d 105, 106-07 (Ct. App. 1986) (finding a latent ambiguity existed concerning a provision of the testator's will purporting to devise lots owned by the testator on a particular street when the testator owned only one lot on that street, which was devised under a separate provision of the will).

2.  We find the extrinsic evidence presented to the probate court supports the probate court's finding that the testator intended the ambiguous provision to refer to real property located in Clarendon County. *See NationsBank of S.C. v. Greenwood*, 321 S.C. 386, 392, 468 S.E.2d 658, 662 (Ct. App. 1996) (stating a case involving construction of a will is an action at law); *Strandell*, 344 S.C. at

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

230, 543 S.E.2d at 253 ("If a proceeding in the [p]robate [c]ourt is in the nature of an action at law, review by the [c]ircuit [c]ourt and this [c]ourt extends merely to the correction of errors of law."); *id.* at 230, 543 S.E.2d at 253-54 ("The factual findings of the [p]robate [c]ourt will not be disturbed on appeal unless a review of the record reveals there is no evidence reasonably supporting the court's findings."); *id.* at 230, 543 S.E.2d at 254 ("The cardinal rule of will construction is the determination of the testator's intent."); *id.* ("In construing the language of a will, the reviewing tribunal must give the words contained in the document their ordinary and plain meaning unless it is clear the testator intended a different sense or such meaning would lead to an inconsistency with the testator's declared intention."); *Kemp*, 358 S.C. at 34, 594 S.E.2d at 849 ("The rules of construction are subservient to the primary consideration of ascertaining what the testator meant by the terms used in the written instrument itself, and each item of a will must be considered in relation to other portions.").

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**