# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Jerald Lamar Harbin, Special Fiduciary of the Franklin N. Harbin and Edna F. Harbin Living Trust, Appellant,

v.

Susan H. Williams, George T. Williams, Citifinancial Inc., and CFNA Receivables (SC) Inc., Defendants,

Of whom Susan H. Williams is the Respondent.

Appellate Case No. 2017-001924

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Published Opinion No. 5695
Submitted October 1, 2019 – Filed December 18, 2019

———————

## AFFIRMED

———————

Charles M. Watson, Jr., of Greenwood, for Appellant.

Donna J. Jackson, of Clinton, for Respondent.

———————

**THOMAS, J:** In this declaratory judgment action, Jerald Lamar Harbin, Special Fiduciary of the Franklin N. Harbin and Edna F. Harbin Living Trust, appeals the circuit court's denial of his motion for a directed verdict on the issue of a co-settlor's authority to transfer property from a trust to Susan H. Williams. Jerald argues the trial court erred in (1) denying his motion for a directed verdict; (2) submitting the issue of a co-settlor's authority to the jury; and (3) denying his motion for judgment notwithstanding the verdict. We affirm.

**FACTS**

On January 16, 2000, Franklin N. and Edna F. Harbin created the Franklin N. Harbin and Edna F. Harbin Living Trust (the Trust). The same day, Franklin conveyed a farm on Old Laurens Highway and the property at issue, the Harbins' home at 313 Lakeshore Drive (the home property), to the Trust.

The Trust named Franklin and Edna as settlors of the Trust. Article 2 of the Trust provided, "The Settlors shall act as Trustees during their lives. Upon the death or incapacity of either Settlor, the other Settlor shall act as Trustee alone." Article 3 provided, "While both Settlors are living, either may: (1) withdraw property from this Trust . . . ." Article 4 provided for the Trust property to be divided equally among the children of the Trustees "[u]pon the death of both Settlors."

On March 31, 2000, Franklin and Edna conveyed the farm from the Trust to their son, Stephen Harbin.[1] Franklin died on June 23, 2000. On November 30, 2005, Edna, acting as Trustee, conveyed the home property to herself for life with the remainder to her daughter, Susan Williams. On January 10, 2008, Edna and Susan mortgaged the home property. Edna died on March 21, 2011.

Jerald Harbin was appointed Special Fiduciary of the Trust and filed this action seeking a declaration that the home property was part of the Trust. Jerald relied on Article 3, arguing it required both settlors to be alive to withdraw property from the Trust. Susan answered, demanding a jury trial.

At a pretrial hearing, Jerald agreed to a jury trial. Susan argued the Trust was ambiguous. The trial court found there was "no ambiguity in the Trust document. But, even if I were to find an ambiguity, it would be a patent ambiguity and no extrinsic evidence is allowed . . . ." The court stated that although the Trust was subject to different interpretations as to whether Edna had the authority to transfer the home property, it was not "the same thing as ambiguity," and the question of Edna's authority was for the jury. Jerald argued, "[I]n light of your rulings, there is nothing to submit to the jury." The court disagreed.

---

[1] There were five siblings: Michael Harbin (deceased), Jerald Harbin (the appellant), John Randall "Randy" Harbin (deceased), Stephen Harbin, and Susan Williams (the respondent).

At trial, James Johnson, an attorney, testified he represented Franklin and Edna. He reviewed the Trust in 2000 and learned Susan and her husband were living with and taking care of Franklin and Edna in the home property. Johnson met with Franklin, Edna, and Susan to discuss the home property. However, the deed transferring the home property to Susan was not executed until 2005, after Franklin's death.

At the close of all evidence, Jerald moved for a directed verdict on the ground there was no genuine issue of material fact, and he was entitled to a directed verdict as a matter of law. The court found "the Trust document itself does create an issue in (sic) fact." Thus, the court denied the motion. The court charged the jury that the sole issue before it was to determine whether Edna had the authority under the Trust to transfer the home property. The jury found Edna had the authority under the Trust to deed the property. This appeal followed.

**LAW/ANALYSIS**

**1.      Directed Verdict**

Jerald argues the trial court erred in denying his motion for a directed verdict because he construes Article 3 as unambiguously providing that the Trust limited the power to withdraw property specifically to the period of time when both settlors were living. We disagree.

Article 3 provides if both settlors of the Trust are living, either may withdraw property from the Trust. Article 2 provides for the remaining settlor, after one settlor dies, to act as trustee alone. The Trust did not specifically grant the power to the surviving trustee to withdraw property from the Trust. Instead, the Trust allows a trustee "to exercise such powers as are conferred upon Trustees generally by the Uniform Trustees Powers Act (S.C. Code Ann. 62-7-701 (1990)) . . . ."

Although the trial court stated the Trust was unambiguous, it also found the Trust was subject to different interpretations. We agree with the latter and find a trust that is subject to different, reasonable interpretations is inherently ambiguous. *See S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation."). When a trust is susceptible of more than one reasonable interpretation, a motion for a directed verdict should be denied. *See Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 489, 649 S.E.2d 494, 497 (Ct. App. 2007) ("If the evidence as

a whole is susceptible to more than one reasonable inference, a jury issue is created . . . ."); *Clark v. S.C. Dep't of Pub. Safety*, 362 S.C. 377, 382-83, 608 S.E.2d 573, 576 (2005) (stating an appellate court will reverse a trial court's ruling "on a directed verdict motion only where there is no evidence to support the ruling or where the ruling is controlled by error of law"). Because we find the Trust was susceptible of more than one reasonable interpretation regarding Edna's authority to transfer property from the Trust after Franklin's death, we affirm the trial court's denial of Jerald's motion for a directed verdict.

## 2.     Submission to the Jury

Jerald argues the trial court erred in submitting the issue of Edna's authority to the jury because either an unambiguous contract, or one with a patent ambiguity, present questions of law to be decided by the court. We disagree.

As to Jerald's argument that the Trust was unambiguous, we already determined we find the Trust ambiguous regarding Edna's authority to transfer Trust property after Franklin's death. Thus, we review whether the trial court erred in submitting the issue to the jury because any ambiguity was patent.

Jerald correctly notes that our South Carolina jurisprudence has long distinguished between patent and latent ambiguities in determining whether extrinsic evidence was admissible and whether the construction of an ambiguous document was a question of law for the court or a question of fact for the jury. In *Hann v. Carolina Casualty Insurance Co.*, 252 S.C. 518, 524, 167 S.E.2d 420, 422 (1969) (quoting *Jennings v. Talbert*, 77 S.C. 454, 456, 58 S.E. 420, 421 (1907)), our supreme court defined the different ambiguities as follows:

> Ambiguities, however, are patent and latent; the distinction being that in the former case the uncertainty is one which arises upon the words of the will, deed, or other instrument as looked at in themselves, and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the will, deed, or other instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe.

Our supreme court explained the distinction more fully and discussed the admissibility of extrinsic evidence in *In re Estate of Prioleau*, 361 S.C. 627, 632, 606 S.E.2d 769, 772 (2004) as follows:

> Ambiguities may be patent or latent. "[T]he distinction being that in the former case the uncertainty is one which arises upon the words of the . . . instrument as looked at in themselves, and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the . . . instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe." *In re Estate of Fabian*, 326 S.C. 349, 353, 483 S.E.2d 474, 476 (Ct. App. 1997) (*citing Jennings v. Talbert*, 77 S.C. 454, 456, 58 S.E. 420, 421 (1907)). A court may admit extrinsic evidence to determine whether a latent ambiguity exists. *Id.* at 353, 483 S.E.2d at 476.

Our appellate courts have also noted only latent ambiguities present questions of fact for a jury. *See Hann*, 252 S.C. at 526, 167 S.E.2d at 423 ("[T]his court in a long line of cases dealing with ambiguities in insurance policies, which were in fact patent ambiguities, has held, either expressly or in effect, that the construction of the particular policy was a matter for determination by the court and that no jury issue was involved."); *Cogdill v. Equity Life & Annuity Co.*, 262 S.C. 248, 253, 203 S.E.2d 674, 677 (1974) (explaining a patent ambiguity in an insurance policy is to be construed by the court); *Beaufort Cty. Sch. Dist. v. United Nat'l Ins. Co.*, 392 S.C. 506, 526, 709 S.E.2d 85, 95-96 (Ct. App. 2011) ("Interpretation of an unambiguous policy, or a policy with a patent ambiguity, is for the court. Interpretation of a policy with a latent ambiguity is for the jury." (citations omitted)).

In recent years, however, our supreme court has seemingly discarded the distinction between patent and latent ambiguities in determining whether the interpretation of a document is for the court or the jury. In interpreting an insurance policy, our supreme court did not distinguish between patent and latent ambiguities in *Williams v. Government Employees Insurance Co. (GEICO)*, 409 S.C. 586, 594, 762 S.E.2d 705, 710 (2014), and stated the following:

> "It is a question of law for the court whether the language of a contract is ambiguous." *S.C. Dep't of Natural Res. v.*

*Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d
299, 302-03 (2001). The *construction* of a clear and
unambiguous contract is a question of law for the court to
determine. *Hawkins v. Greenwood Dev. Corp.,* 328 S.C.
585, 592, 493 S.E.2d 875, 878 (Ct. App. 1997). If the
court decides the language is ambiguous, however,
evidence may be admitted to show the intent of the
parties, and the determination of the parties' intent
becomes a question of fact for the fact-finder.

Likewise, in interpreting a deed in *South Carolina Department of Natural
Resources v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302-03
(2001) (internal citations omitted), our supreme court discussed ambiguities
without distinguishing between patent and latent, stating:

It is a question of law for the court whether the language
of a contract is ambiguous. Once the court decides the
language is ambiguous, evidence may be admitted to
show the intent of the parties. The determination of the
parties' intent is then a question of fact. On the other
hand, the construction of a clear and unambiguous deed
is a question of law for the court.

Following our supreme court's recent trend and its analyses in *Williams* and *Town
of McClellanville*, we find the ambiguity in the Trust presented a question of fact,
and the trial court did not err in submitting the ambiguity to the jury.

### 3.    Judgment Notwithstanding the Verdict (JNOV)

Jerald summarily argues the trial court erred in denying his motion for JNOV. We
disagree.

"[A] motion for JNOV under Rule 50(b), SCRCP is a renewal of a directed verdict
motion." *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 496 (Ct. App. 2006).
"When reviewing the denial of a motion for directed verdict or JNOV, an appellate
court must employ the same standard as the trial court by viewing the evidence and
all reasonable inferences in the light most favorable to the nonmoving party."
*Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004). "A
motion for JNOV may be granted only if no reasonable jury could have reached

the challenged verdict." *Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998).

After the jury rendered its verdict, Jerald moved for JNOV "on the same grounds as set forth" in his directed verdict motion. The court denied the motion. For the same reasons set forth in our analysis of the directed verdict issue, we affirm.

### 4.      Reply Brief

For the first time in his reply brief, Jerald argues only a settlor of the Trust had authority to distribute property from the Trust. He next argues the Trust required both settlors to be alive. Jerald maintains a trustee never had the authority to distribute property and Edna as the remaining trustee had no authority. We decline to address this issue because it was raised for the first time in the reply brief. *See Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief."); *Divine v. Robbins*, 385 S.C. 23, 44 n.4, 683 S.E.2d 286, 297 n.4 (Ct. App. 2009) (declining to address an issue raised for the first time in a reply brief).

### CONCLUSION

Based on the foregoing analysis, we affirm the jury's verdict.

**AFFIRMED.**[2]

**SHORT and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.