# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Mary P. Smith, Maezell Mitchell Jefferson, Individually and as personal representative of the Estate of Annabelle Thornton, Shirrese B. Brockington, as special administrator of the Estate of Janine Gourdine, Emma Smalls, Viola Pringle, Cephus Thornton, Arthur Graddick, III, an imprisoned person, Venetra Watson, and any known or unknown persons or entities claiming any interest in the Estates of Lucinda Pringle, Odessa Graddick, Arthur Graddick, Jr., Annabelle Thornton, and Janine Gourdine, Appellants,

v.

Angus M. Lawton, personal representative of the Estate of Lucinda Pringle, Evelina Brown Moses, Thomas P. Brown, Jr., and Unknown PR Rebecca Patricia Brown, Respondents.

Appellate Case No. 2018-000562

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Opinion No. 5859
Heard January 12, 2021 – Filed September 1, 2021

———————

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellants.

Jonathan Scott Altman, of Derfner & Altman, LLC, of Charleston, and Stephen Michael Slotchiver, of Slotchiver & Slotchiver, LLP, of Mount Pleasant, both for Respondents.

---

**LOCKEMY, C.J.:**  In this probate action, the estates of Mary Smith, Annabelle Thornton, Emma Smalls, and Janine Gourdine (collectively, Children) appeal the circuit court's order affirming the probate court's order probating the will of Lucinda Pringle (Decedent), which devised property to Decedent's grandchildren: Evelina Moses, Thomas Brown, and Rebecca Brown (collectively, Grandchildren). On appeal, Children argue the probate court erred in probating the will because (1) there was no evidence the will was properly executed, (2) the will was altered, and (3) the reopening of Decedent's estate (the Estate) was not timely.  We affirm in part, reverse in part, and remand for an evidentiary hearing on whether there was proper execution of the will.

## FACTS/PROCEDURAL HISTORY

This case has a lengthy procedural history.  Decedent died on October 11, 1989. At her death, Decedent owned a fifty-percent interest in a 10.5-acre parcel of real estate (the Property) located off Highway 17 in Mount Pleasant, South Carolina. The Property was Decedent's sole asset and the focus of this litigation.  Decedent had five children: Annabelle Thorton, Mary Smith, Janine Gourdine, Emma Smalls, and Evelina Brown.  All of Decedent's children had passed by the time of this appeal.  Evelina Brown, who was Grandchildren's mother, predeceased Decedent.

In the wake of Hurricane Hugo in late 1989, Smalls submitted an insurance claim for damage to the house located on the Property.  The insurance company issued a check in January 1990, naming Smalls and Grandchildren as "executors of the [E]state."  Both Grandchildren and Children have asserted at different stages of this litigation that Smalls altered the will and added herself so that she could receive insurance proceeds to repair the home on the Property, where she lived.

In 1999, the probate court administered the Estate through intestacy, and on August 16, 2000, the probate court closed the Estate.  A deed of distribution conveyed a one-fifth interest to Grandchildren who took instead of Brown, their

predeceased mother, and a one-fifth interest to each of Decedent's surviving daughters. Administration of the Estate was completed on June 26, 2001.

On August 4, 2005, Evelina Moses filed the will with the probate court. On October 20, 2005, Grandchildren filed a petition for subsequent administration and for recovery of improper distribution, arguing Decedent died testate. They alleged that at the time of Decedent's death, Children possessed the will but concealed it so that the Estate would be distributed through intestacy and they could live out their lives out on the Property.

In early 2006, Thomas Brown, Moses, and Smalls were deposed. In his deposition, Thomas Brown stated he saw a document that purported to be Decedent's will soon after her death, but Thornton and Smalls refused to provide him with the will. He stated that in 2005, he received a copy of the will from Thornton's daughter, Viola Pringle, but the probate court refused to accept a copy of the will. In Smalls's deposition, she denied knowledge of a will and stated she never discussed a will with Moses. In Moses's deposition, she stated she received the original will from Smalls in June 2005.

On January 18, 2007, Grandchildren filed a motion to vacate the probate court's 2001 order closing the Estate. Children filed a motion to dismiss, arguing the ten-year limitations period prevented the probate of any will. On April 8, 2008, the probate court held a hearing on Grandchildren's motion to vacate the probate court's previous order, the petition for improper distribution, and Children's motion to dismiss. At the hearing, Children asserted they were not addressing the will's validity because the will was not in evidence at that stage of the litigation. However, they stated they were not waiving the right to challenge the validity of the will. Grandchildren agreed that at some future date, Children would have the opportunity to challenge the will.

The probate court dismissed Grandchildren's motion to vacate and petition to reopen the Estate. The probate court ruled that there was good cause to reopen the estate but because more than ten years had passed, section 62-3-108 of the South Carolina Code (Supp. 2020)[1] prevented the probate court from reopening the Estate. The probate court found the copy of the will attached to the petition did not

---

[1] § 62-3-108(A)(1) ("No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than . . . appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than ten years after the decedent's death.").

comply with the requirements of section 62-3-402 of the South Carolina Code (Supp. 2020).[2] Grandchildren appealed to the circuit court, which affirmed. Grandchildren appealed to this court, and we reversed and remanded. *Moses v. Haile-Howard ex rel. Estate of Smith*, Op. No. 2011-UP-386 (S.C. Ct. App. filed Aug. 9, 2011). We held the probate court's finding that there was good cause to reopen the Estate based on Smalls's concealment of the will was the law of the case. *Id.* Thus, the concealment of the will meant section 62-3-108 did not prohibit the probate court from admitting the will into probate. *Id.* This court further stated, "Decedent intended [Grandchildren] to inherit from her last will and testament," and ruled the probate court could reopen the Estate. *Id.* The parties did not seek a writ of certiorari as to this opinion.

On March 13, 2012, Children again moved to dismiss, arguing the limitation period found in section 62-3-108 prohibited the probate court from probating the will. Thereafter, the probate court held a final hearing. On March 24, 2013, the probate court ordered that the will could be probated and that Grandchildren "shall submit a Form 300 Application[3] to open the Estate (either formally or informally) with this Court."[4]

On February 20, 2015, Children moved to dismiss this probate of the will, arguing the probate court lacked subject matter jurisdiction, Grandchildren's petition was untimely, and Grandchildren never filed a petition for formal or informal testacy. The probate court denied Children's motion to dismiss. On September 4, 2015, Grandchildren filed a Form 300 Application for informal probate of the will. On February 4, 2016, Children petitioned for formal testacy, asserting the will was invalid and could not be probated and was barred by the ten-year limitations period of section 62-3-108.

At the November 9, 2016 hearing, Children argued that because Grandchildren had finally offered the will for probate, it was the proper time to challenge the validity of the will. Children challenged the will on the grounds that (1) it was not self-proving and Grandchildren had offered no testimony from witnesses to the

---

[2] § 62-3-402(a) ("If the original will is neither in the possession of the court nor accompanies the petition[,] . . . the petition also must state the contents of the will, and indicate that it is lost, destroyed, or otherwise unavailable.").

[3] A Form 300ES is the standard form used for applying or petitioning the probate court for formal or informal probate. Form 300ES, SCRPC.

[4] Children appealed the probate court's March 24, 2013 order to this court; however, on March 14, 2014, they withdrew that appeal.

will regarding its execution; (2) the beneficiary section of the will was whited out and typed over; and (3) the witnesses had attested that Lucinda Springer, not Lucinda Pringle, signed the will. Grandchildren argued this was the first time Children tried to challenge the validity of the will even after the probate court accepted the will to probate on March 24, 2013. Grandchildren therefore argued the court's order accepting the will to probate was the law of the case.

On January 18, 2017, the probate court denied Children's petition for formal testacy. The probate court held the alteration did not preclude the will from being probated because Grandchildren "[did] not question[] Emma Smalls'[s] status as an heir, any such alteration by Ms. Smalls d[id] not preclude Decedent's will from being probated and that further inquiry [wa]s unwarranted." Next, the probate court determined that because the witnesses to the will were dead, no further inquiry into the attesting witnesses was required. Finally, the probate court concluded the appearance of the name "Lucinda Springer" instead of "Lucinda Pringle" was a scrivener's error.

Children appealed to the circuit court, arguing the probate court erred in failing to make findings related to the will's validity and in finding the will was properly proved and could be admitted to probate. Specifically, Children argued the probate court erred in probating the will because the witnesses to attestation did not testify and the probate court received no evidence of proper execution. Children averred Grandchildren should have acquired an affidavit from one of the attesting witnesses during the pendency of this litigation. Children also argued the attesting witnesses saw Lucinda Springer and not Lucinda Pringle sign the will.

The circuit court affirmed the probate court's order. Specifically, the circuit court ruled the attestation clause was sufficient because section 62-3-406 of the South Carolina Code (Supp. 2020) required witnesses to testify only "if" they were able and, here, the witnesses' deaths rendered them unavailable. The circuit court held "Springer" was a scrivener's error. Further, the circuit court ruled the probate court did not err in accepting the will to probate. This appeal followed.

**ISSUES ON APPEAL**

1. Did the circuit court err by affirming the probate court's ruling that Decedent's will was valid when no evidence was offered to show due execution of the will?

2.  Did the circuit court err by affirming the probate court's order finding Decedent's will could be probated when it was altered and the petition did not contain how the original will disposed of the Decedent's property?

3.  Did the circuit court err by affirming the probate court's finding the ten-year limitations period from section 62-3-108 did not apply and that Grandchildren were not prejudiced by Smalls's concealment of the will?

## STANDARD OF REVIEW

"The standard of review applicable to cases originating in the probate court depends upon whether the underlying cause of action is at law or in equity."  *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005).  "An action to contest a will is an action at law."  *In re Estate of Cumbee*, 333 S.C. 664, 670, 511 S.E.2d 390, 393 (Ct. App. 1999).  "If a proceeding in the probate court is in the nature of an action at law, review by this court extends merely to the correction of legal errors."  *In re Estate of Paradeses*, 426 S.C. 388, 391, 826 S.E.2d 871, 873 (Ct. App. 2019).  In such cases, "this [c]ourt may not disturb the probate [court's] findings of fact unless a review of the record discloses there is no evidence to support them."  *Cumbee*, 333 S.C. at 670, 511 S.E.2d at 393.

## LAW/ANALYSIS

## I.    DUE EXECUTION OF THE WILL

Children argue the probate court erred by failing to conduct an inquiry into the validity of the will.  They assert they could not have raised this issue until September 2015 when Grandchildren offered the will for probate.  Children therefore contend the issue was timely raised and had never been litigated.  Children argue the record contains no evidence to support a finding of due execution of Decedent's will.

Children also contend the probate court erred by finding the will was valid because Grandchildren produced no evidence as to the validity of the attestation clause because both witnesses were deceased and sections 62-3-406 to -407 of the South Carolina Code (Supp. 2020) required Grandchildren to present some evidence to prove due execution.  Children argue the probate court's finding that the name Lucinda Springer was a scrivener's error was based on speculation because Grandchildren presented no extrinsic evidence that it was scrivener's error.  We agree as to the witnesses' attestation but disagree as to the scrivener's error.

In contested cases, "Proponents of a will have the burden of establishing prima facie proof of due execution in all cases . . . ."  § 62-3-407.  Due execution requires that a will be:

> (1) in writing;
>
> (2) signed by the testator or signed in the testator's name by some other individual in the testator's presence and by the testator's direction; and
>
> (3) signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will.

S.C. Code Ann. § 62-2-502 (Supp. 2020).  When the proper execution of a will is at issue in a contested case,

> [I]f the will is witnessed . . . but not notarized or self-proved, the testimony of at least one of the attesting witnesses is required to establish proper execution if the witness is within this State, competent, and able to testify.  Proper execution may be established by other evidence, including an affidavit of an attesting witness.  An attestation clause that is signed by the attesting witnesses raises a rebuttable presumption that the events recited in the clause occurred.

§ 62-3-406(3).  A self-proved will incorporates an affidavit signed by the testator, the witnesses, and a notary into the will, declaring due execution of the will, testator's testamentary capacity, and that there was no undue influence upon the testator.  *See* S.C. Code Ann. § 62-2-503 (Supp. 2020).  A self-proved will does not require the production of evidence as to the due execution of the will.  *See* S.C. Code Ann. §§ 62-3-405 to -406 (Supp. 2020).

> A formal testacy proceeding is litigation to determine whether a decedent left a valid will.  A formal testacy proceeding must be commenced by an interested person filing and serving a . . . petition . . . to prevent [the]

> informal probate of a will which is the subject of a
> pending application . . . ."

S.C. Code Ann. § 62-3-401 (Supp. 2020). "[I]f a will is opposed by a petition for a declaration of intestacy, it must be determined first whether the will is entitled to probate." § 62-3-407. "[A] proceeding to contest an informally probated will . . . may be commenced within eight months from informal probate or one year from the decedent's death, whichever is later." § 62-3-108(A)(2)(c).

Grandchildren argue Children's petition for formal testacy was untimely because they failed to petition the court within eight months of the admission of the will to probate, as required by section 62-3-108. We find Children's petition for formal testacy proceedings was timely. A petition for formal testacy can be filed following an application to informally probate a will. *See* § 62-3-401. Here, Grandchildren filed an application for informal probate on September 4, 2015. Based on that application, Children were permitted to file a petition for formal probate no later than May 4, 2016. *See* § 62-3-108. Children filed their petition for formal probate on February 4, 2016; thus, Children's petition for formal testacy was timely.

As to Children's argument regarding the scrivener's error, we find the probate court did not err in finding the name Springer was a scrivener's error. "Our courts have corrected scriveners' errors when warranted." *Holroyd v. Requa*, 361 S.C. 43, 60, 603 S.E.2d 417, 426 (Ct. App. 2004); s*ee also Fenzel v. Floyd*, 289 S.C. 495, 498-99, 347 S.E.2d 105, 107-08 (Ct. App. 1986) (noting a scrivener's error in a will could be corrected). Children assert Grandchildren were required to put forth extrinsic evidence to support a finding of a scrivener's error. However, extrinsic evidence is not required to prove there was a scrivener's error. *See Fenzel*, 289 S.C. at 498, 347 S.E.2d at 107 ("Extrinsic evidence is *also* admissible to prove and correct a scrivener's error." (emphasis added)). Although extrinsic evidence is admissible to help determine such errors, extrinsic evidence is not required for such an apparent scrivener's error in a will. We find the contents of the will support the probate court's finding. The will was only three pages long; Decedent's correct name, "Lucinda Pringle," was on two of the three pages; and a third page contained the error, "Lucinda Springer." The date of the will—July 30, 1988—and the names of beneficiaries and executors were the same across the will's pages, and all the will's pages were similar in style and form. Based on the foregoing, we find the circuit court did not err in affirming the probate court's finding "Lucinda Springer" was a scrivener's error.

As to the due execution of the will, we find the circuit court erred in affirming the probate court's finding there was due execution without requiring an evidentiary showing to prove the witnesses signed the will.  Section 62-3-406 states at least one of these attesting witnesses is required to testify if they are able.  The death of both witnesses rendered them unable to testify.  Nevertheless, the witnesses' death did not relieve Grandchildren, as the proponents of the will, from establishing a prima facie case of due execution.  *See* § 62-3-407 ("Proponents of a will have the burden of establishing prima facie proof of due execution in *all* cases." (emphasis added)).  As a result of the probate court's conclusion, Grandchildren were not required to present any evidence to support the prima facie case.

South Carolina has adopted the Uniform Probate Code (UPC), which includes section 3-406 of the UPC.  *See* § 62-3-406.  Massachusetts has partially adopted section 3-406 of the UPC.  *See* Mass. Gen. Laws Ann. ch. 190B, § 3-406 (West, Westlaw through chapter 19 of 2021 1st Ann. Sess.) ("If evidence concerning execution of an attested will which is not self-proved is necessary in contested cases, the testimony of at least [one] of the attesting witnesses, if within the commonwealth, competent and able to testify, is required.  Due execution of a will may be proved by other evidence.").  Interpreting this statute, the Massachusetts Court of Appeals has come to the same conclusion: it requires the proponent to provide some evidence to show the deceased witnesses signed a will when the will was not self-proved.  *See In re Estate of King*, 156 N.E.3d 220, 224 (Mass. App. Ct. 2020) ("[T]he death of an attesting witness, or of all the attesting witnesses, is not to defeat the validity of the will, if, in fact, duly executed.  It changes the form of the proof, and allows the introduction of secondary evidence of the due attestation and execution of the will.  Such attestation is then to be shown . . . by proof of the handwriting of the witness.  That being shown, prima facie, it is to be taken to be true, and to have been put there for the purpose stated in connection with the signature." (quoting *Leatherbee v. Leatherbee*, 141 N.E. 669, 670 (Mass. 1923)).

The death of the witnesses to the will does not prohibit the court from probating a will because the proponent of the will may present "other evidence" of due execution, whether it be an affidavit from a witness or evidence establishing the witnesses' handwriting.  *See* § 62-3-406 ("Proper execution may be established by *other* evidence, including an affidavit of an attesting witness." (emphasis added)); *Hopkins v. De Graffenreid*, 2 S.C.L. (2 Bay) 187, 192 (1798) (stating proof of handwriting of the deceased witnesses was sufficient to prove due execution of a will); *Harleston v. Corbett*, 46 S.C.L. (12 Rich.) 604, 608 (1860) (stating proof of a

deceased witness's handwriting can be used to prove due execution of a will). Grandchildren were required to present some evidence to support due execution, and the death of the attesting witnesses did not eliminate the requirement of proving the prima facie case. *See* § 62-3-407. Thus, the circuit court erred by affirming the probate court's order denying formal probate because Grandchildren were required to provide "other evidence" of witness attestation to prove due execution of the will in a contested case. Based on the foregoing, we reverse as to this issue and remand this matter for the probate court to conduct a hearing to consider evidence of due execution of the will.

## II.     ALTERATION

Children argue that because Smalls altered the will, section 62-3-402 required Grandchildren to state the contents of the will and indicate that the will was lost, destroyed, or unavailable. Children assert the probate court erred by finding the will was the original will because Smalls had altered it. Children contend that because Smalls altered the will and no evidence was presented as to the "original" contents of the will, the probate court had no basis to determine the intent of the Decedent. We disagree.

"If the original will is neither in the possession of the court nor accompanies the petition and no authenticated copy of a will probated in another jurisdiction accompanies the petition, the petition also must state the contents of the will, and indicate that it is lost, destroyed, or otherwise unavailable." § 62-3-402(a).

As to Children's argument section 62-3-402(a) required Grandchildren to state the contents of the will, we find the circuit court did not err in affirming the probate court because Grandchildren presented the will they assert was entitled to informal probate, and the contents can be determined from this document.

As to Children's intent and alterations arguments, Children never sought a petition for writ of certiorari as to our 2011 opinion, which stated Decedent intended Evelina Brown Moses, Thomas Brown, and Rebecca Patricia Brown to inherit from her will. *Moses*, Op. No. 2011-UP-386. Thus, this finding became law of the case. *See Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law of the case and requires affirmance."). Based on the foregoing, we find the circuit court did not err in

affirming the probate court's finding Decedent intended Grandchildren to inherit from her will.[5]

## III. TIMELINESS

Children argue this court's 2011 opinion did not prohibit the probate court from making additional findings as to whether Smalls's concealment prejudiced Grandchildren because Grandchildren had a copy of the will before the running of the ten-year statute of limitation from section 62-3-108. We disagree.

We find Children's prejudice argument was an attempt to relitigate the issue of whether section 63-3-108 barred Grandchildren from probating the will. In our 2011 opinion, this court decided section 63-3-108 did not bar Grandchildren from reopening the Estate under the will. Because Children did not seek review of that decision, it is the law of the case. *Moses*, Op. No. 2011-UP-386; *see also Robert E. Lee & Co. v. Comm'n of Pub. Works*, 250 S.C. 394, 158 S.E.2d 185 (1967) (providing when a party raises the same argument it made in a former appeal, the decision from the former appeal is binding as precedent and as the law of the case); *Ackerman v. McMillan*, 324 S.C. 440, 443, 477 S.E.2d 267, 268 (Ct. App. 1996) ("Matters decided by the appellate court cannot be reheard, reconsidered, or relitigated in the trial court, even under the guise of a different form.").

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's order affirming the probate court's order as to the scrivener's error, alteration of the will, Decedent's intent, and timeliness issues. We reverse and remand for the probate court to conduct a hearing to determine whether there was due execution of Decedent's will.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS and MCDONALD, JJ., concur.**

---

[5] Grandchildren, as the sole heirs according to this holding, appear to have made a strategic decision to file an application for informal probate and to choose not to contest Smalls's inclusion in the will.